J-A10016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY MALDONADO | : | |
| | : | |
| Appellant | : | No. 718 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005002-2012,
CP-51-CR-0008102-2016, CP-51-CR-0008436-2016,
CP-51-CR-0009964-2012, CP-51-CR-0010027-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY MALDONADO | : | |
| | : | |
| Appellant | : | No. 719 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005002-2012,
CP-51-CR-0008102-2016, CP-51-CR-0008436-2016,
CP-51-CR-0009964-2012, CP-51-CR-0010027-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY MALDONADO | : | |
| | : | |
| Appellant | : | No. 720 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020

J-A10016-21

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005002-2012,
CP-51-CR-0008102-2016, CP-51-CR-0008436-2016,
CP-51-CR-0009964-2012, CP-51-CR-0010027-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY MALDONADO | : | |
| | : | |
| Appellant | : | No. 721 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005002-2012,
CP-51-CR-0008102-2016, CP-51-CR-0008436-2016,
CP-51-CR-0009964-2012, CP-51-CR-0010027-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY MALDONADO | : | |
| | : | |
| Appellant | : | No. 722 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005002-2012,
CP-51-CR-0008102-2016, CP-51-CR-0008436-2016,
CP-51-CR-0009964-2012, CP-51-CR-0010027-2012

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JULY 1, 2021**

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Appellant, Jeffrey Maldonado, appeals from the judgment of sentence entered on February 25, 2020. We affirm.

We briefly summarize the facts and procedural history of this case as follows. Appellant pled guilty to criminal charges at five separate trial court docket numbers. The three docketed cases from 2012 (5002-2012, 9964-2012, and 10027-2012), "pertained to Appellant's admitted participation in multiple illegal purchases and/or sales of various firearms upon investigations by the Commonwealth of Pennsylvania Office of Attorney General Gun Violence Task Force[.]" Trial Court Opinion, 10/1/2020, at 3. While on parole for the 2012 convictions, Appellant pled guilty to various criminal charges and admitted that "between May 20, 2016 and May 24, 2016 [he] participated in concert with others in repeated sales of crack, heroin, and cocaine and also confronted, physically assaulted and threatened to kill someone that he had believed had been a witness and/or provided information to law enforcement concerning his illegal narcotics dealing." *Id.* Appellant was sentenced to one-and-one-half to 3 years of imprisonment followed by two consecutive terms of five years of probation. Thereafter, as the trial court explained:

Subsequent to Appellant's release from [prison], he [] repeatedly tested positive for ingestion of illegal controlled substances and then failed to report to his state assigned probation agent as directed[.] He had also reportedly engaged in physical altercations with his paramour[.] Following those violations, on May 23, 2019, Appellant was arrested and charged with crimes in Philadelphia for his alleged participation in the possession and[/]or sale of illegal narcotics. That matter following arraignment and

presentation of a *prima facie* case at a preliminary hearing [was] docketed pending trial[.] [S]ince no detainer [was] lodged by the County of Philadelphia Adult Probation and Parole Department, Appellant [was] released from custody immediately upon arrest.

On July 27, 2019, Appellant was arrested [] in Philadelphia while still under [] supervision for all five (5) cases, for reported [] violations of the Uniform Firearms Act. That matter[,] after arraignment and the presentation of a *prima facie* case at a preliminary hearing[, was] docketed pending trial[.]

[Detainers were] lodged and Appellant was brought to appear before [the trial court] after due notice on November 1, 2019 for a [] violation and revocation hearing.

*Id.* at 5-6.

At the revocation hearing, Appellant's probation officer testified that Appellant did not report for probation, did not pay court costs or fees as required, tested positive for marijuana use on several occasions, did not comply with treatment, and engaged in physical altercations with his paramour. *Id.* at 6. Moreover, a police officer from the Narcotics Strike Force of the Philadelphia Police Department testified, with the aid of video surveillance, that Appellant participated in a drug transaction on May 22, 2019. *Id.* at 6. Appellant was arrested and police recovered cocaine and $80.00 in currency from Appellant's person. *Id.* The hearing was continued until December 6, 2019, to allow the Commonwealth to present evidence regarding the charges pertaining to the Uniform Firearms Act. *Id.* However, at the December 6, 2019 hearing, the Commonwealth did not present any additional evidence. *Id.* at 7. After hearing final arguments, the trial court revoked Appellant's probation and ordered mental health assessments and a

- 4 -

pre-sentence investigation ("PSI report") report prior to sentencing. On February 21, 2020, the trial court sentenced Appellant to an aggregate sentence of six to 12 years of imprisonment for all the crimes in the five cases. On February 23, 2020, counsel for Appellant filed a motion for reconsideration at each of the five criminal dockets. Following a hearing on February 25, 2020, the trial court denied relief. These timely appeals followed.[1]

On appeal, Appellant presents the following issue for our review:

Whether the trial court erred as a matter of law and abused its sentencing discretion when, following a court-ordered, *sua sponte* "Daisy Kates" revocation of probation hearing, which the Commonwealth did not even request, and after failing to establish the violations that the trial court had hoped to establish, as well as one of the alleged violations later being withdrawn by the Commonwealth, the trial court nonetheless imposed a sentence of six to twelve years' incarceration for a minor technical violation, and where this sentence was manifestly excessive and unreasonable, based on factors not supported by the evidence, surpassed what was required to protect the public, and failed to comply with the requirements of 42 Pa.C.S.[A.] § 9771(c)[?]

Appellant's Brief at vii.

_____

[1] In compliance with the mandates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), counsel for Appellant filed separate notices of appeal, one at each criminal docket, on February 25, 2020. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 304 (Pa. 2020) ("Because Johnson appealed from four docket numbers and filed four notices of appeal, Johnson has complied with **Walker**. The fact that each notice of appeal listed all four docket numbers does not invalidate his notices of appeal, and we decline to quash his appeals."). Thereafter, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 1, 2020. By *per curiam* order entered on November 30, 2020, this Court consolidated the five appeals, as requested by Appellant.

More specifically, Appellant claims:

The sentencing court found Appellant [] in technical violation of his probation for testing positive for marijuana in his drug screening, as well as possession of a small amount of cocaine. No other actual evidence or testimony was elicited for the trial court to consider in assessing its violation and sentence. Although [Appellant] worked and reported to probation, the [trial] court sentenced him to six to twelve years' incarceration. The [trial] court imposed this sentence even after [Appellant] presented documentation showing his employment and prospective employment if released, additional training he had undergone, and also presenting his boss, wife and grandmother to give heartfelt statements in support of [Appellant]. This sentence was wildly disproportionate to the severity of the technical violations set forth at the November [1, 2019] hearing, and thus was excessive and unreasonable. It was also far in excess of what would be necessary to protect the public and completely failed to take [Appellant's] rehabilitative needs into account, and it was based on factors which were not supported by the evidence of record. Further, the sentence failed to comply with the statutory requirements of 42 Pa.C.S.A. § 9771(c).[2] Therefore, [Appellant contends] the [trial] court abused its discretion in sentencing [him]. [As such, he requests that] this Court [] vacate the sentence and remand this case for a new sentencing hearing.

*Id.* at 1-2.

_____

[2] The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). We note that, in an appeal following the revocation of probation, our scope of review may include challenges to the discretionary aspects of a revocation sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.* As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant complied with the first three requirements above. Thus, we examine whether Appellant presents a substantial question for review. Generally, for an appellant to raise a substantial question that his sentence is inappropriate under the Sentencing Code, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. McKiel**, 629 A.2d 1012, 1013 (Pa. Super. 1993); **Commonwealth v. Goggins**, 748 A.2d 721, 726 (Pa. Super. 2000) (e*n banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to his sentence. 204 Pa.Code § 303.1(b); **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." **Commonwealth v. Russell**, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

As this Court has held, a claim that the sentencing court "failed to consider relevant sentencing criteria, including the protection of the public,

the gravity of the underlying offense and the rehabilitative needs" of the defendant, does raise a substantial question under the Sentencing Code. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2013) (a claim that the trial court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, raised a substantial question); *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (*en banc*) ("we find that Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its [consecutive, standard range] sentence presents a substantial question for our review"); *Commonwealth v. Rhoads*, 990 A.2d 732, 745 (Pa. Super. 2009), *appeal denied*, 14 A.3d 827 (Pa. 2010) (an appellant raises a substantial question where he alleges that the trial court relied upon impermissible factors at sentencing.); *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (concluding that "[a]ppellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review."). Thus, we will address the merits of Appellant's discretionary sentencing claim.

Our standard of review is well settled:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

- 9 -

***Colon***, 102 A.3d at 1043.

As the Pennsylvania Supreme Court has explained:

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

Upon revoking probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence[.]

*Commonwealth v. Pasture*, 107 A.3d 21, 27–28 (Pa. 2014) (internal quotations and citations omitted).

Furthermore, we previously determined:

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

*Commonwealth v. Scott*, 860 A.2d 1029, 1030 (Pa. Super. 2004) (internal quotations and citations omitted).

Finally, we note that "where the sentencing judge had the benefit of a PSI report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Clemat*, 2019 PA Super 273, 218 A.3d 944, 960 (2019).

Upon review, the record demonstrates that the trial court placed no reliance upon impermissible factors. In fact, the trial court specifically disavowed any reliance on the fact that Appellant has been arrested for alleged violations of Uniform Firearms Act, because there were "enough technical violations to deal with[.]" N.T., 12/6/2019, at 19. The trial court determined that Appellant violated the terms of his supervision by possessing narcotics and failing to comply with the other requirements of probation such as mandatory check-ins. Further, the record demonstrates that the trial court's

- 11 -

sentence was appropriate and necessary. The trial court had the benefit of a PSI report, so we presume it was aware of all relevant sentencing information. Ultimately, the trial court detailed Appellant's more lenient past sentences, including boot camp and probation, and concluded that Appellant's history indicated his refusal to rehabilitate himself. The trial court noted that it "explicitly warned" Appellant that "consequences would occur should he fail to comply with [probation] conditions and return with new violations." Trial Court Opinion, 10/1/2020, at 15; *see also* N.T., 2/21/2020, at 29-33. Hence, the trial court determined that Appellant flagrantly and repeatedly violated the conditions of his supervision. Trial Court Opinion, 10/1/2020, at 16. Thus, the trial court found that incarceration was necessary to protect the public and to vindicate its authority. *Id.* at 15-16. We discern no abuse of discretion. Accordingly, Appellant's claim on appeal fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/2021

- 12 -